UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



FILED
NOV -9 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1-4:20 CR 468 RLW ) |
| THOMAS J. BOWLES, | ) ) |
| Defendant. | ) |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Between on or about January 1, 2016 and August 20, 2020, within the Eastern District of Missouri, in and affecting interstate commerce,

**THOMAS J. BOWLES,**

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did knowingly recruit, entice, transport, provide, obtain, maintain, patronize and solicit "Jane Doe 1" having had a reasonable opportunity to observe "Jane Doe 1" and knowing or in reckless disregard that "Jane Doe 1" was under the age of 18 years old and knowing and in reckless disregard that "Jane Doe 1" would be caused to engage in a commercial sex act,

in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(2), 1591(c) and 1594(a).

### COUNT II

The Grand Jury further charges that:

Between on or about January 1, 2020 and August 20, 2020, within the Eastern

District of Missouri, in and affecting interstate commerce,

**THOMAS J. BOWLES,**

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit "Jane Doe 2" having had a reasonable opportunity to observe "Jane Doe 2" and knowing or in reckless disregard that "Jane Doe 2" was under the age of 18 years old and knowing and in reckless disregard that "Jane Doe 2" would be caused to engage in a commercial sex act,

in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(2), 1591(c) and 1594(a).

## COUNT III

The Grand Jury further charges that:

Between on or about January 1, 2016, and August 20, 2020, within the Eastern District of Missouri,

**THOMAS J. BOWLES,**

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice and coerce a minor, under the age of eighteen, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: the Defendant, who was at least twenty-one years of age, communicated via the internet with "Jane Doe 1," who the Defendant knew to be under the age of eighteen, and attempted to persuade, induce, entice and coerce "Jane Doe 1," to engage in prostitution and in sexual activity, in violation of Missouri Revised Statutes Sections 566.034 (statutory rape in the second degree), 566.064 (statutory sodomy in the second degree), 566.071 (child molestation in the fourth degree), 566.083 (sexual misconduct involving a child),

566.211 (sexual trafficking of a child in the second degree), 567.020 (prostitution), 567.030 (patronizing prostitution), 573.200 (use of a child in a sexual performance), and 567.070 (promoting prostitution in the third degree),

in violation of Title 18, United States Code, Section 2422(b).

## COUNT IV

The Grand Jury further charges that:

Between on or about January 1, 2020, and August 20, 2020, within the Eastern District of Missouri,

**THOMAS J. BOWLES,**

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice and coerce a minor, under the age of eighteen, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: the Defendant, who was at least twenty-one years of age, communicated via the internet with "Jane Doe 2," who the Defendant knew to be under the age of eighteen, and attempted to persuade, induce, entice and coerce "Jane Doe 2," to engage in prostitution and in sexual activity, in violation of Missouri Revised Statutes Sections 566.034 (statutory rape in the second degree), 566.064 (statutory sodomy in the second degree), 566.071 (child molestation in the fourth degree), 566.083 (sexual misconduct involving a child), 566.211 (sexual trafficking of a child in the second degree), 567.020 (prostitution), 567.030 (patronizing prostitution), 573.200 (use of a child in a sexual performance), and 567.070 (promoting prostitution in the third degree),

in violation of Title 18, United States Code, Section 2422(b).

## COUNT V

The Grand Jury further charges that:

Between on or about January 1, 2016, and August 20, 2020, within the Eastern District of Missouri,

**THOMAS J. BOWLES,**

the defendant herein, being required by Federal and other law to register as a sex offender, did commit felony offenses involving one or more minors under Title 18, United States Code, Section 1591 and/or Title 18, United States Code, Section 2422, to wit: the felony offenses alleged in Counts I-VII of this Indictment;

in violation of Title 18, United States Code, Section 2260A.

## COUNT VI

The Grand Jury further charges that:

Between on or about January 1, 2020, and on or about August 20, 2020, within the Eastern District of Missouri, and elsewhere,

**THOMAS J. BOWLES,**

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did knowingly employ, use, persuade, induce, entice and coerce "Jane Doe 2," who was a minor under the age of eighteen, to engage in sexually explicit conduct, specifically, a lascivious display of her genitals and sexual intercourse, for the purpose of producing visual depictions of such conduct, and such depictions were transmitted using any means or facility of interstate or foreign commerce and in or affecting interstate or foreign commerce and such depictions were produced or transmitted using materials that were mailed, shipped or transported and transmitted using any means or facility of interstate or foreign commerce and in and affecting interstate commerce,

in violation of Title 18, United States Code, Section 2251(a).

## COUNT VII

The Grand Jury further charges that:

Between on or about January 1, 2016, and August 20, 2020, within the Eastern District of Missouri and elsewhere,

### THOMAS J. BOWLES

the Defendant herein, having previously been convicted in 2002 in cause no. 2101R-04204 in the Circuit Court for St. Louis County of seventeen counts of statutory rape in the 2nd degree, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received image files and video files of child pornography via the internet, to include but not limited to an image of the lascivious display of the genitals of juvenile "Jane Doe 1" who was a minor under the age of eighteen,

in violation of 18 U.S.C. § 2252A(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Sections 2253 and 2428, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251, 2252A as set forth in the above counts of this Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained, directly or indirectly, from such offense; and any property, real or personal,

used or intended to be used to commit, facilitate or to promote the commission of such offense or any property traceable to such property.

2.   If any of the property described above, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov