**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-468 RLW |
| | ) | |
| THOMAS J. BOWLES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This case is before the Court on Defendant Thomas J. Bowles's Motion to Suppress Physical Evidence and Motion to Dismiss the Superseding Indictment. All pretrial matters were referred to United States Magistrate Judge Patricia L. Cohen pursuant to 28 U.S.C. § 636(b).

Judge Cohen held an evidentiary hearing on Defendant's motions on March 29, 2023, at which the Government called Detective Amy Erwin as a witness with respect to the motion to suppress. (ECF No. 152). The search warrant application, search warrant, and search warrant return and itemized inventory were introduced into evidence as Government Exhibit 1 (ECF No. 153). At the hearing, neither party presented a witness or oral argument with respect to the motion to dismiss and both counsel stated that motion would be addressed on the pleadings. A transcript of the hearing was prepared (ECF No. 154). The parties filed post-hearing briefs (ECF Nos. 161, 168).

Judge Cohen issued a Report and Recommendation (ECF No. 171) on July 17, 2023, which recommends that Defendant's motions be denied. Defendant filed timely Objections to the Report and Recommendation on August 7, 2023 (ECF No. 178) and the government filed a Memorandum in Opposition to Defendant's Objections (ECF No. 179) on August 22, 2023 (ECF No. 179).

This Court has conducted de novo review of the full record by reading the briefing on both motions, the transcript of the evidentiary hearing held by Judge Cohen, the post-hearing briefs, Defendant's Objections, and the government's Response in Opposition. The Court has carefully examined the exhibit admitted into evidence at the hearing. Further, the Court has independently researched the controlling law.

From this de novo review, the Court concludes that Judge Cohen's recommendations were correct and that Defendant's motions should be denied. Specifically, the motion to suppress will be denied because, under the totality of the circumstances, it is apparent from the four corners of the search warrant affidavit that probable cause existed for issuance of the search warrant for Defendant's residence. The affidavit set forth sufficient facts to lead a prudent person to believe there was a fair probability that contraband or evidence of a crime would be found in the residence.

The motion to dismiss the superseding indictment will be denied because the government's filing of the superseding indictment twenty-six months after the original indictment did not violate Defendant's Fifth or Sixth Amendment rights, or warrant dismissal under Federal Rule of Criminal Procedure 48(b)(1), and Defendant fails to make a showing of prejudice.

**Background**

The Court adopts and incorporates by this reference the lengthy procedural background of the case as set forth in the Report and Recommendation, to which no objections were made.

**Legal Standard**

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which

the party objected. <u>See</u> <u>United States v. Lothridge</u>, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**Discussion**

Defendant objects to the Magistrate Judge's conclusions and recommendations in the Report and Recommendation that both of his pretrial motions be denied.

    A. <u>Motion to Suppress Physical Evidence</u>

Defendant asserts that the search warrant affidavit failed to state probable cause to search his residence because the affiant, Det. Erwin, failed to confirm that Defendant was the person operating social media accounts referenced in the affidavit. Defendant contends the Magistrate Judge "did not give appropriate weight to the fact that the Affidavit fails to identify Defendant as the user of the relevant social media accounts and any other form of electronic communication" (ECF No. 178 at 2), and "failed to give appropriate weight to Defendant's contention that the affiant failed to establish a reliable link between Defendant and the social media accounts." (<u>Id.</u> at 3.)

Specifically, Defendant asserts that during cross examination at the motion hearing, Det. Erwin admitted that she failed to confirm who was actually using the social media accounts through the platform providers or other means, and admitted that she neither listened to the voicemails, nor reviewed the alleged text messages. Defendant contends that Det. Erwin's testimony "revealed that she failed to specifically confirm whether or not Defendant ever communicated with" the minor victim. Defendant asserts that Det. Erwin's "failure to confirm the user of the social media accounts or the voicemail establishes a lack [of] knowledge, veracity or reliability that establish probable cause," (<u>id.</u> at 4), and concludes that the affidavit in support of the search warrant fails to establish probable cause because Det. Erwin "failed to confirm that Defendant was operating and using the Tommy Joseph Facebook account." (<u>Id.</u> at 5.)

"The Fourth Amendment requires that search warrants be issued only upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Dalia v. United States, 441 U.S. 238, 355 (1979) (internal quotations omitted). In Dalia, the Supreme Court explained that valid warrants "require only three things." Id. "First, warrants must be issued by neutral, disinterested magistrates." Id. (citations omitted). Second, the warrant may issue only upon a showing of "probable cause to believe that 'the evidence sought will aid in a particular apprehension or conviction' for a particular offense." Id. (quoting Warden v. Hayden, 387 U.S. 294, 307 (1967)). Third, the warrant "must particularly describe the things to be seized as well as the place to be searched." Id. (citations and quotations omitted).

Defendant does not contend that the state court judge who issued the search warrant was not a neutral, disinterested magistrate, or that the warrant lacked particularity. Defendant does dispute that probable cause existed for the warrant's issuance.

Probable cause exists when "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched." United States v. Bieri, 21 F.3d 811, 815 (8th Cir. 1994); Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause requires only a showing of fair probability, not hard certainties." United States v. Tripp, 370 F. App'x 753, 757 (8th Cir. 2010) (quoting United States v. Hudspeth, 525 F.3d 667, 676 (8th Cir. 2008)).

"Affidavits for search warrants are reviewed using the 'totality-of-the-circumstances' analysis. Gates, 462 U.S. at 238. The task of the issuing judge is to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And

the duty of a reviewing court is simply to ensure that the [judge] had a substantial basis for ... concluding that probable cause existed." Id. at 238-39 (internal quotation marks omitted); see also Massachusetts v. Upton, 466 U.S. 727, 728 (1984).

When the judge relied solely on the affidavit presented to him or her, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (quoted case omitted). Affidavits must be read in "a commonsense and realistic fashion." United States v. Caldwell, 864 F.2d 71, 74 (8th Cir. 1988) (citation omitted). "Deference is accorded an issuing [judge's] probable cause determination[.]" United States v. Brown, 584 F.2d 252, 256 (8th Cir. 1978).

For the following reasons, the Court finds that the search warrant authorizing the search of Defendant's residence was issued upon a showing of probable cause. As reflected in the search warrant, the person who communicated with the juvenile victim by letter left in her grandmother's mailbox used the alias "Daddy TJ." These initials correspond the initials of Defendant Thomas Joseph Bowles's first and middle names. The letter also included a telephone number, provided to the juvenile victim by the suspect as a means of contact. Law enforcement review of the Missouri Highway Patrol Sex Offender Registry linked the number to Defendant, who listed the same number in his registration. Det. Erwin determined from a computer investigation that Defendant had seventeen prior sex offense convictions, three child abuse offenses, and two invasion of privacy offenses, all of which appeared to have been committed upon female victims in the same age-range as the victim at issue in Det. Erwin's investigation. During this investigation, Det. Erwin viewed numerous photographic images of Thomas Joseph Bowles.

The juvenile victim told Det. Erwin that an individual using the names and online profiles of "Stacy Jaxx," "Stacy Rosa," and "Stacy" had been communicating with her for several years on multiple social media platforms, and during these communications stated that he would like to become her "sugar daddy." The victim stated that "Stacy" had a Facebook account with the profile name "Tommy Joseph," which is consistent with the Defendant's first and middle names. The victim accessed the "Tommy Joseph" Facebook account on her smart cellular phone in Det. Erwin's presence and showed it to Det. Erwin. The Facebook account had multiple images of a white male. The affidavit states that Det. Erwin "immediately recognized as the same middle-aged white male with brown hair displayed in the images [she] had previously seen of Thomas Bowles" and "as such, [she] positively identified the individual known by [the victim] as "Stacy" to be Thomas Bowles." (ECF No. 137-1 at 6.)

Det. Erwin then obtained the victim's consent to assume her online identity via the victim's Facebook and Messenger accounts to attempt to engage in an undercover online exchange with the person using the "Tommy Joseph" Facebook account. A number of messages were sent and received and "Tommy Joseph" referenced a relationship between him and the victim of a sexual nature in exchange for, among other things, a cellphone.

The Court concludes that this factual information gave the state court judge a sufficient basis upon which to conclude that probable cause existed for issuance of the search warrant for Defendant's residence. The search warrant affidavit was readily sufficient to establish probable cause because it "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place." United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007) (quoting United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006), and Gates, 462 U.S. at 238). As a result, the Court does not discuss the Government's assertion that even if the affidavit was deficient, the law enforcement search of

Defendant's residence remains lawful under the good faith exception of <u>United States v. Leon</u>, 468 U.S. 897 (1984)

Based on the foregoing, Defendant's assertion that the search warrant affidavit was insufficient because it failed to identify Defendant as the user of the relevant social media accounts and any other form of electronic communication, and failed to establish a reliable link between Defendant and the social media accounts, is unavailing. Defendant's Motion to Suppress Physical Evidence seized pursuant to the search warrant is denied.

B. <u>Motion to Dismiss Superseding Indictment</u>

Defendant asserts that the Magistrate Judge's recommendation to deny the motion to dismiss is erroneous because the Government's twenty-six month delay in presentation of the charges to the Grand Jury and filing of the Superseding Indictment prejudiced him and violated the Fifth and Sixth Amendments to the U.S. Constitution. Defendant also seeks dismissal of the Superseding Indictment pursuant to Rule 48(b)(1), Fed. R. Crim. P.

1. *Fifth Amendment*

Defendant's Fifth Amendment argument in support of his objections consists of the following statement: "The Eight Circuit has acknowledged that '[A]n unreasonable pre-accusation delay, coupled with prejudice to the defendant, may violate the Fifth Amendment." <u>United States v. Grap</u>, 368 F.3d 824 (8th Cir. 2004) (citing <u>United States v. Jackson</u>, 504 F.2d 337, 339 (8th Cir. 1974)). This objection is without merit.

"[W]hile statutes of limitations provide the primary guarantee against delay prior to indictment or arrest, the due process clause of the Fifth Amendment does play a limited role in protecting against oppressive delay." <u>United States v. Jackson</u>, 446 F.3d 847, 849 (8th Cir. 2006). "[A] defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the statute of limitations is violative of the due process clause." <u>Id.</u>

"[D]efendants claiming a due process violation for pre-indictment delay must carry the burden of proof on two separate elements. The defendant must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." Id. at 849-50 (citing, among other cases, Grap, 368 F.3d at 829).

As to the first element, Defendant makes vague and nonspecific assertions in his motion to dismiss that the delay has prejudiced his defense. Defendant claims he has had to "radically" change his defense as a result of the superseding indictment but provides no explanation of how his defense has changed beyond the conclusory statement that unidentified "potential witnesses may be unavailable, unable to be found, or have forgotten events that occurred more than two years ago." Defendant also contends the two new counts in the superseding indictment "potentially increase the range of punishment . . . dramatically."

To satisfy his burden, Defendant "must identify specific witnesses or documents lost during the delay and the information they would have provided." Jackson, 446 F.3d at 851 (cited case omitted). "Further, the defendant must show that the missing testimony or information is not available through other sources." Id. (cited case omitted). "Alleged prejudice is insufficient to establish a due process violation if it is insubstantial, speculative, or premature." Id. (citing Grap, 368 F.3d at 829). Defendant fails to identify specific witnesses or documents lost during the delay, or state what information these witnesses or documents would have provided. As such, Defendant's "speculative claims about . . . possibly weakened memories of witnesses are not sufficient to meet the requirement of actual and substantial prejudice established by" Eighth Circuit's Fifth Amendment cases. Id. at 852. Defendant fails to submit any authority in support of his assertion that potential increased punishment from the new counts can establish prejudice, and therefore he fails to meet his burden.

As to the second element, Defendant has not even argued, much less met his burden to establish, that the government intentionally delayed his indictment to gain a tactical advance or to harass him. Defendant's motion to dismiss the superseding indictment based on delay in violation of the due process clause of the Fifth Amendment is denied.

2. *Sixth Amendment*

Although Defendant's motion to dismiss mentions the Sixth Amendment, he does not provide any legal argument in the motion or in his Objections to support the assertion that the Government's twenty-six month delay in obtaining the superseding indictment violates his Sixth Amendment rights. Because Defendant did not provide any argument in support of dismissal on the basis of the Sixth Amendment, the Magistrate Judge declined to discuss this point further, after noting that Defendant does not contend his right to a speedy trial is implicated here. (Report and Recommendation, ECF No. 171 at 6, n.3.) Because Defendant does little more than cite the U.S. Constitution, this Court similarly declines to address Defendant's unsupported and undeveloped Sixth Amendment argument. See United States v. Marshall, 891 F.3d 716, 720 (8th Cir. 2018) (per curiam) ("[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities.") (citing United States v. Stuckey, 255 F.3d 528, 531 (8th Cir. 2001)).

Moreover, even if the Court were to liberally construe Defendant's motion to assert a Sixth Amendment speedy trial claim, such a claim would not be successful. "[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Johnson, 990 F.3d 661, 670 (8th Cir. 2021) (quoting United States v. Sprouts, 282 F.3d 1037, 1042 (8th Cir. 2002)). "Assessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes consideration of the length of the delay, the reason for the delay, the defendant's assertion of his

right, and prejudice to the defendant." Id. (quoting Sprouts, 282 F.3d at 1042); see also Barker v. Wingo, 407 U.S. 514, 530 (1972).

The relevant factors weigh against any Sixth Amendment violation in this case. Assuming the length of delay here is presumptively prejudicial, the vast majority of the delay is directly attributable to Defendant's numerous requests for additional time as detailed in the Report and Recommendation's procedural background section, including but not limited to seven requests for additional time to consider filing pretrial motions that encompassed an eight month period of time, and four requests to continue his combined plea and sentencing date that caused approximately six months of delay. Defendant did not assert any desire for a speedy trial until he filed the motion to dismiss—and even then did not expressly assert a speedy trial claim—and has filed four waivers of his speedy trial rights. Finally, Defendant has not shown any prejudice resulting from the delay. Consequently, based on a weighing of these factors, Defendant's motion to dismiss the superseding indictment on Sixth Amendment grounds is denied.

### 3. Rule 48(b)(1), Fed. R. Crim. P.

Finally, Defendant's Objections state that Federal Rule of Criminal Procedure 48(b)(1) gives the Court the ability to dismiss an indictment if unnecessary delay occurs in presenting a charge to the grand jury. Defendant states, "Committee Notes on the Rule suggest that 'Rule 48(b) could provide an alternate basis in an extreme cease to dismiss an indictment, without reference to the Speedy Trial Act.' See Committee Notes on Rules—2002 Amendment (citing United States. v. Carlone, 666 F.2d 1112, 1116 (7th Cir. 1981))." (ECF No. 178 at 5.) As the Magistrate Judge explained, the Tenth Circuit case Defendant miscited in his motion to dismiss, United States v. Begay, 602 F.3d 1150 (10th Cir. 2010), does not support his Rule 48(b) argument. Begay held the district court abused its discretion when it dismissed a superseding indictment under Rule 48(b), where it was filed twenty-one months after the original, involved

the same victim, added new counts of sexual abuse of a child in Indian Country, and was filed after the district court denied the government's motion in limine under Rule 414 of the Federal Rules of Evidence. Id. at 1151-56.[1]

Defendant's citation to the Advisory Committee note also requires clarification. As the Tenth Circuit remarked in Begay, the Committee Notes accompanying Rule 48's adoption in 1944 "indicate that Rule 48(b) was intended as 'a restatement of the inherent power of the court to dismiss a case *for want of prosecution*.'" Begay, 602 F.3d at 1154. The 2002 Committee Note to Rule 48(b) that Defendant cites states in relevant part that the Committee "considered the relationship between Rule 48(b) and the Speedy Trial Act" and remarks, "Of course, the Rule operates independently from the Speedy Trial Act." As an example of this independence between the Rule and the Act, the Committee cited the Seventh Circuit's Carlone case, but did not itself suggest that Rule 48(b) could provide an alternate basis to dismiss an indictment in an extreme case. The Seventh Circuit suggested such an action could be appropriate in the hypothetical context of a case "where the government procured a continuance by deliberate misrepresentation and the delay caused by the continuance was seriously prejudicial to the defendant[.]" Carlone, 666 F.2d at 1116. Neither circumstance exists in Defendant's case.

This Court is unaware of any Eighth Circuit precedent that mentions Rule 48(b), much less interprets or applies it. In any event, the present case does not involve a want of prosecution, nor is it an extreme case, for the reasons discussed above in connection with Defendant's Fifth and Sixth Amendment claims. Defendant does not establish any basis for the Court to dismiss the superseding indictment under Rule 48(b), and his motion to do so is denied.

---

[1] Defendant's Motion to Dismiss Superseding Indictment and Memorandum in Support incorrectly states that the Tenth Circuit in Begay "upheld a Defendant's motion to dismiss a superseding indictment pursuant to Rule 48(b)(1)." (ECF No. 136 at 5.)

**Conclusion**

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the entire Order and Recommendation. Having fully considered all of these matters on de novo review, the Court agrees with and will sustain and adopt Judge Cohen's recommendations as set out in the Report and Recommendation.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation dated July 17, 2023 (ECF No. 171) is **sustained, adopted** and **incorporated** herein.

**IT IS FURTHER ORDERED** that Defendant Thomas J. Bowles's Motion to Suppress Physical Evidence (ECF No. 136) and Motion to Dismiss the Superseding Indictment (ECF No. 137) are **DENIED**.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 5th day of September, 2023.